IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Anthony Lamar Snipe, ) | |
| ) | |
| Petitioner, ) | Case No. 8:10-cv-2686-SB-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| Bureau of Prisons and Mildred L. Rivera, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This matter is before the Court on Petitioner's motion for summary judgment [Doc. 22] and Respondents' motion to dismiss or, in the alternative, motion for summary judgment [Doc. 10]. Petitioner is a federal prisoner, proceeding pro se, who seeks relief pursuant to Title 28, United States Code, Section 2241. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on October 19, 2010. [Doc. 1.] On January 13, 2011, Respondent moved to dismiss the Petition or, alternatively, for summary judgment. [Doc. 10.] On March 4, 2011, Petitioner filed a motion for summary judgment. [Doc. 22.] Respondents filed a response in opposition on March 21, 2011 [Doc. 25], and Petitioner filed a reply on April 18, 2011 [Doc. 27].

Having carefully considered the parties' submissions and the record in this case, including submissions outside the pleadings, the Court recommends that Respondent's motion for summary judgment be granted, Petitioner's motion for summary judgment be denied, and the Petition be denied.

## BACKGROUND

**State Charges and State Confinement**

On February 8, 1994, Petitioner was sentenced in the Court of General Sessions, Charleston County, South Carolina, to a 15-year term of imprisonment for possession with intent to distribute crack cocaine. [Doc. 1-1 at 1; Doc. 10-2 ¶ 3; Doc. 19 ¶ 3.] This term was suspended pending service of five years imprisonment and service of three years probation. [Doc. 1-1 at 1; Doc. 10-2 ¶ 3; Doc. 19 ¶ 3.] The court also sentenced Petitioner to serve seven years imprisonment for possession of cocaine. [Doc. 1-1 at 1; Doc. 10-2 ¶ 3; Doc. 19 ¶ 3.] This term was also suspended pending service of five years imprisonment followed by three years probation. [Doc. 1-1 at 1; Doc. 10-2 ¶ 3; Doc. 19 ¶ 3.] Petitioner was incarcerated by the South Carolina Department of Corrections ("SCDC") and released on May 31, 1996, serving a total of 31 months. [Doc. 1-1; Doc. 10-2 ¶ 3; Doc. 19 ¶ 3.]

**Federal Charges, Federal Sentence, Term of Federal Imprisonment**

On November 13, 2001, Petitioner was arrested by the North Charleston Police Department for state drug and firearms charges. [Doc. 10-2 ¶ 4.] Subsequently, the facts leading to Petitioner's arrest became the basis for a federal indictment. [*Id.*] Petitioner remained in state custody until Petitioner was released on bond on November 21, 2001. [*Id.*]

On August 14, 2002, Petitioner was indicted in the United States District Court for the District of South Carolina for possession with intent to distribute cocaine and cocaine base and for using and carrying a firearm during and in relation to a drug trafficking crime.

[Doc. 10-3 at 1–3.]  A bench warrant issued for his arrest the same day.  [*Id.* at 3.] Petitioner was arrested and arraigned on the federal charges on August 20, 2002.  [*Id.*] A temporary detention order was issued.  [*Id.*]  On September 3, 2002, the pending state charges were dismissed in lieu of federal prosecution, placing Petitioner in exclusive federal custody.  [Doc. 10-2 ¶ 6.]

On February 18, 2003, Petitioner entered a guilty plea.  [Doc. 10-3 at 5.] On June 11, 2003, Petitioner was sentenced to a 180-month term of confinement for possession with intent to distribute cocaine and cocaine base and using and carrying a firearm during and in relation to a drug trafficking crime.  [*Id.* at 5–6.]  Petitioner was delivered to the Bureau of Prisons ("BOP") for service of sentence on July 25, 2003.  [*Id.* at 6; Doc. 10-1 at 1.]

The BOP computed Petitioner's sentence as a 180-month term of imprisonment beginning June 11, 2003, the date of imposition.  [Doc. 10-1 at 2.]  He was awarded 304 days prior custody credit for the period from November 13, 2001—the date he was arrested by South Carolina authorities on state charges that were later dismissed in lieu of the federal prosecution—through November 21, 2001—the date he was released on bond—and for the period from August 20, 2002—the date he was arrested on federal charges—through June 10, 2003—the date prior to imposition of federal sentence.  [Doc. 1-1 at 7; Doc. 10-1 at 2–3; Doc. 10-2 ¶ 9.]  Based on this calculation, Petitioner's anticipated release date is September 5, 2015, assuming receipt of all possible Good Conduct Time ("GCT").  [Doc. 10-1 at 3.]

**Petition for Habeas Corpus**

On October 19, 2010, Petitioner filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.] Petitioner asserts one ground for relief: "Entitlement to credit for time spent in state custody, the conduct related to the state conviction was use[d] to enhance [Petitioner's] federal sentence." [Doc. 1 at 4.] Respondents filed a motion to dismiss, or, alternatively, a motion for summary judgment, on January 13, 2011 [Doc. 10], and Petitioner filed a motion for summary judgment on March 4, 2011 [Doc. 22].

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss Standard**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If, on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d).

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson,* 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

*Generally*

A petitioner may bring a petition for a writ of habeas corpus under § 2241 if he is "attack[ing] the computation and execution of the sentence rather than the sentence itself." *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (per curiam).  A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

*Exhaustion*

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence termination date once a defendant actually commences serving his sentence.  *United States v. Wilson*, 503 U.S. 329, 334–35 (1992) (clarifying that 18 U.S.C. § 3585(b) does not authorize a district court to award credit at sentencing, and the Attorney General must continue to compute credits as he did under the predecessor statute to § 3585). Accordingly, the Attorney General, through the BOP, must make the initial determination to award sentence credit for time spent in official detention; a district court does not have the jurisdiction to make an initial determination.  *U.S. v. Jeter*, 161 F.3d 4, 1998 WL

7

482781, at *1 (4th Cir. 1998) (unpublished table decision). As a result, prior to filing a § 2241 habeas petition, a petitioner must exhaust his administrative remedies. *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004) (unpublished opinion) (citing *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001); *Little v. Hopkins*, 638 F.2d 953, 953–54 (6th Cir. 1981)). The exhaustion of administrative remedies is not waivable. *Jeter*, 161 F.3d 4, 1998 WL 482781, at *2. Further, a petitioner's failure to exhaust administrative remedies is excused only upon a showing of cause and prejudice. *McClung*, 90 F. App'x at 445 (citing *Carmona*, 243 F.3d at 634–35).

The BOP's Administrative Remedy Program is found at 28 C.F.R. §§ 542.10 through 542.19. The grievance process consists of three levels of review: institutional, regional, and national. *See id.* First, an inmate must seek to informally resolve any complaint relating to his confinement.[1] *Id.* § 542.13. Next, if the complaint cannot be resolved informally, the inmate may file a formal written complaint with the institution's warden; complaints must be filed within twenty days of the incident giving rise to the complaint. *Id.* § 542.14. Then, if the inmate is dissatisfied with the response, he may appeal to the Regional Director; appeals to the Regional Director must be submitted within twenty days of the date the warden signed his response. *Id.* § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel; appeals to the General Counsel must be submitted within thirty days of the date the Regional Director signed his response. *Id.*

---

[1] In certain situations, an inmate is excused from attempting to informally resolve his complaint. 28 C.F.R. § 542.13(b).

### *Calculation of a Term of Imprisonment*

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. *Pettey v. Sherman,* No. 05-131, 2006 WL 1878327, at *2 (W.D. Pa. July 6, 2006); *see Wilson*, 503 U.S. at 333–35. Federal statutes mandate when a federal sentence commences and when a petitioner can receive credit for prior custody:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

## **DISCUSSION**

### **Credit for Incarceration on Earlier State Charges**

Petitioner claims he is entitled to credit for 31 months served on state charges that he alleges were used to enhance his federal sentence. [Doc. 1 at 4.] The Court disagrees.

9

Under 18 U.S.C. § 3585(b), the BOP is prohibited from applying any prior custody credit toward a federal sentence unless the prior time served was a result of (1) the offense for which the current sentence was imposed or (2) a charge for which the petitioner was arrested after the commission of the offense for which the current sentence was imposed. Moreover, prior custody credit cannot be granted if the prisoner already received the credit toward another sentence. 18 U.S.C. § 3585(b); *United States v. Brown*, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. 1992) (unpublished table decision); *see Wilson*, 503 U.S. at 337 (explaining that with the enactment of § 3585(b) in place of § 3568, "Congress made clear that a defendant could not receive a double credit for his detention time"); *Villanueva v. United States*, 346 F.3d 55, 66 n.3 (2d Cir. 2003) (§ 3585(b) precludes the BOP from granting pre-sentence credit if credit was given on another sentence); *United States v. Ross*, 219 F.3d 592, 594 (7th Cir. 2000) (same). The law is clear—an inmate may not receive credit against a federal sentence for time spent in state custody prior to the date the federal sentence commences if that time has been credited against another sentence. *United States v. Labeille-Soto*, 163 F.3d 93, 99 (2d Cir. 1998); *Beard v. BOP*, 133 F.3d 913, 1998 WL 25047, at *1 (4th Cir. 1998) (unpublished table decision) (citing *McClain v. BOP*, 9 F.3d 503, 505 (6th Cir. 1993)) (same). Further, there is no statutory provision that accords a prisoner credit against a federal sentence for time served in a state prison on a state charge. *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991); *Raines v. U.S. Parole Comm'n*, 829 F.2d 840, 843 (9th Cir. 1987).

Petitioner received credit on his state sentences from SCDC for the 31 months Petitioner served on the sentences. [*See* Doc. 10-2 ¶ 3; Doc. 1-1 at 1.] The BOP credited

Petitioner for the time Petitioner was in state custody in November 2001 on what became exclusively federal charges, as well as for the time Petitioner was in federal custody between his arrest and sentencing on the federal charges—a total of 304 days. [Doc. 1-1 at 7; Doc. 10-1 at 2–3; Doc. 10-2 ¶ 9.] Petitioner has received all of the prior custody credit toward his federal sentence that he is lawfully entitled to, and his federal sentence has been computed correctly in accordance with all applicable statutes and law.

**Applicability of USSG § 5G1.3(b)**

To the extent Petitioner seeks credit for his prior state sentences pursuant to U.S. Sentencing Guideline Manual ("USSG") § 5G1.3(b), an allegation that USSG § 5G1.3 should have been applied is a collateral attack on Petitioner's sentence that should be brought under 28 U.S.C. § 2255. *Bacon v. Fed. Bureau of Prisons*, 2001 WL 34684734, at *3 (D.S.C. 2001) (unpublished opinion) (citing *Cohen v. United States*, 593 F.2d 766 (6th Cir. 1979)) (stating that an allegation that USSG § 5G1.3 should have been applied is an attack on the sentence imposed, not on the execution of the sentence, making it a collateral attack); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."). A petitioner may collaterally attack his sentence through a § 2241 habeas petition only when the petitioner shows that his remedies under § 2255 were inadequate or ineffective. *Vial*, 115 F.3d at 1194. Therefore, to the extent Petitioner challenges his sentences pursuant to USSG § 5G1.3, Petitioner's claims would be more adequately addressed through a § 2255 habeas petition.

11

However, even if Petitioner's claim as to USSG § 5G1.3 had been properly presented to this Court in a § 2255 habeas petition, the Court could not adjust Petitioner's sentence because USSG § 5G1.3(b) does not apply in Petitioner's case.  Under § 5G1.3(b), a federal prisoner may only receive a sentence reduction for any time served on an undischarged term of imprisonment if the offense that led to the undischarged term is "relevant conduct" to the offense for which the prisoner is now being sentenced.  USSG § 5G1.3(b); *see United States v. McHan*, 101 F.3d 1027, 1040 (4th Cir. 1996).  There is no undischarged term of Petitioner's state sentences; therefore, USSG § 5G1.3(b) does not apply to Petitioner's federal sentence.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondents' motion for summary judgment be GRANTED, Petitioner's motion for summary judgment be DENIED, and the Petition be DENIED.[2]

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

May 20, 2011
Greenville, South Carolina

---

[2] Because the proper respondent for petitions under § 2241 is the warden of the petitioner's facility, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), Respondents seek to have the BOP dismissed as a party to this Petition [Doc. 10 at 2.]  If the District Court declines to adopt the Court's recommendation that Respondent's motion for summary judgment be granted, and the case proceeds toward trial, the Court recommends that Respondent Bureau of Prisons be dismissed as a party.